1

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                   FOR THE NORTHERN DISTRICT OF CALIFORNIA

8

9

10   MANUEL LOPEZ,
                                                        No. C 10-01645 WHA
11            Plaintiff,

12      v.
                                                        **ORDER GRANTING
13   WACHOVIA MORTGAGE, A DIVISION                      DEFENDANT'S MOTION
     OF WELLS FARGO BANK, F/K/A                         FOR ATTORNEY'S FEES**
14   WORLD SAVINGS BANK ("WELLS
     FARGO"), AND DOES 1 THROUGH 50,
15   INCLUSIVE,

16            Defendants.
                                                /
17

18         Following the dismissal of this action and the entry of judgment on August 3, 2010,

19   defendant Wachovia Mortgage, a division of Wells Fargo Bank, moved for an award of attorney's

20   fees and noticed a hearing on the motion for September 16 (Dkt. No. 34).  Under the 35-day

21   briefing schedule set forth in the civil local rules, an opposition brief was due on August 26.

22   Plaintiff, who is represented by counsel, did not file an opposition brief.  Due to this failure, on

23   August 30, the hearing was vacated and plaintiff was ordered to show cause by September 2 why

24   defendant's motion for an award of attorney's fees should not be granted (Dkt. No. 37).  No

25   response to the order to show cause was filed.  In fact, plaintiff has not filed anything in this

26   action since July 30.

27         In the instant motion for attorney's fees, defendant — who is clearly the prevailing party

28   due to the dismissal of the action on the merits — seeks $15,317.50 in "reasonable" attorney's

**United States District Court**
For the Northern District of California

United States District Court
For the Northern District of California

1    fees for services rendered in this foreclosure action.  Defendant also seeks an additional $1,185.00

2    in attorney's fees associated with the preparation of the instant motion.

3           As set forth in defendant's motion, both the promissory note and the deed of trust included

4    fee clauses authorizing the recovery of attorney's fees for claims that "may significantly affect

5    Lender's interest in the Property" and for defending the validity and enforceability of the

6    promissory note (Br. 5).*  Since plaintiff agreed to these clauses when he obtained a loan from

7    defendant, and the claims brought by plaintiff are encompassed by these clauses (*see* Dkt. No. 1),

8    defendant — as the prevailing party — is entitled to an award of reasonable attorney's fees for

9    defending against this action. *See* Cal. Code Civ. Proc. §§1021, 1033.5(a)(1), and 1717; *see also*

10   *Siligo v. Castelluci*, 21 Cal. App. 4th 873, 878 (1994) (attorney's fees incurred in the enforcement

11   of a contract includes fees incurred in defending challenges to the contract's validity).

12          Turning to the reasonableness of defendant's requested fees, the undersigned judge has

13   carefully examined the declaration of Michael Rapkine filed in support of the instant motion.  The

14   declaration included the billing rates and qualifications of the attorneys and staff who worked on

15   the matter as well as a detailed fee breakdown for all time billed from March to August 2010

16   (Rapkine Decl. ¶¶ 2–6, Exh. A).  This order finds that the $15,317.50 in attorney's fees requested

17   by defendant are within the ballpark of reasonableness.  That said, while some billing judgment

18   has been exercised (*e.g.*, certain fee entries were marked "No Charge" and excluded from the fee

19   request), there are a number of billed tasks that would not be reasonable to include in an

20   attorney's fee award.  These tasks include researching magistrate judge biographies/profiles,

21   researching the biography/profile of the undersigned judge, and what appear to be excessive

22   client email exchanges and "office conferences" between counsel.  Adjusting for these tasks

23

24

25          * Defendant's request for judicial notice of the promissory note and deed of trust

26   in this action is **GRANTED**.  The promissory note was referenced in the complaint, forms
     the basis of plaintiff's claims, and its authenticity has not been questioned by plaintiff.

27   The deed of trust is part of the public record and is easily verifiable.

28                                                2

**United States District Court**
For the Northern District of California

1    (which, admittedly, do not amount to a large amount of fees in the aggregate), this order finds that

2    a $15,000.00 award of attorney's fees is reasonable.

3            With respect to the *additional* $1,185.00 in attorney's fees requested by defendant in

4    connection with the instant motion, this amount cannot be justified.  As explained in the

5    declaration of Michael Rapkine, the $1,185.00 award includes *estimated* fees for the drafting of a

6    reply brief and for arguing at the September 16 hearing (*id.* at ¶ 5).  Since defendant did not need

7    to draft a reply brief (no opposition brief was filed) and the September 16 hearing was vacated, no

8    fees can be awarded for these tasks.  This order, however, will award $460.00 in attorney's fees

9    for the preparation of the instant motion — specifically, for the three hours of work performed by

10   paralegal Helene Saller, who bills at $145 per hour, and the thirty minutes of work done by

11   attorney Rapkine, who bills at $250 per hour.

12           In sum, defendant's motion for an award of attorneys' fees in the reduced amount of

13   $15,460.00 is **GRANTED**.

14

15           **IT IS SO ORDERED.**

16

17   Dated: September 10, 2010.

     WILLIAM ALSUP
18   UNITED STATES DISTRICT JUDGE

19

20

21

22

23

24

25

26

27

28                                                      3